IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ELIZABETH CHEMALY, individually, and on behalf of all others similarly situated | ) ) ) | CIVIL ACTION NO. |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SENTRY SURVEILLANCE, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff, Elizabeth Chemaly (hereinafter "Plaintiff Chemaly"), by and through her undersigned attorneys, and assert these claims individually and on behalf of all other current and former employees who are similarly situated, under the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* ("FLSA") for overtime compensation violations as set forth below:

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over Sentry Surveillance, Inc. (hereinafter "Defendant Employer" or "Defendant Sentry").

2.

All parties to this action reside or are located within the boundaries of this judicial district, and venue is proper pursuant to, inter alia, 28 U.S.C. Section 1391(b)(2) as a substantial portion of the unlawful acts complained of herein occurred within the geographic boundaries of this Court.

## PARTIES

3.

Plaintiff Chemaly is a former employee of Defendant Employer.

4.

Defendant Sentry's principal place of business is located in Kennesaw, Georgia.

5.

Defendant Sentry manufactures, sells, installs, and services surveillance equipment and systems to customers throughout the United States.

6.

Defendant Sentry is a Georgia corporation formed pursuant to the laws of the State of Georgia and registered with the Georgia Secretary of State to conduct business in this state.

7.

Defendant Sentry may be served with service of process through its registered agent, Steve H. Dimitrious at 840 Shallowford Road, Suite 301, Kennesaw, Georgia

30144, if service of process is not waived.

8.

Defendant Sentry is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

9.

Defendant Sentry acted directly or indirectly in its own interest as an employer in interactions with Plaintiff and in the interest of Plaintiff's employer by controlling the terms and conditions of Plaintiff's performance such as Plaintiff's pay, working hours, benefits, and performance evaluations.

10.

On a daily basis, Defendant Employer directed Plaintiff's work, set the work hours for Plaintiff, evaluated Plaintiff's performance, and assigned Plaintiff work while acting in its interest as an employer.

11.

Defendant Employer also controlled the terms and conditions of Plaintiff's employment by: setting the working hours for Plaintiff; controlling the frequency, amount, and structure of Plaintiff's wages; and established employment policies that Plaintiff was directed to follow.

## FACTUAL ALLEGATIONS
12.

This action is brought based upon Defendant Employer's common policy of misclassifying employees as FLSA-exempt employees, despite such employees not being covered by any overtime exemption under the FLSA, failing to properly compensate its employees for time worked by automatically deducting lunches, and not properly paying overtime for all hours worked in excess of 40 hours per week.

13.

Defendant Employer was engaged in interstate commerce through the sales and manufacturing of surveillance equipment using goods and services obtained through interstate commerce from vendors outside the state of Georgia, which were moved in interstate commerce, and the use of interstate banking to transfer funds and payments related to Defendant Employer's operations.

14.

Since 2012 Defendant Employer has had a volume of business in excess of $500,000 per year.

15.

Plaintiff was engaged in interstate commerce as a regular part of Plaintiff's job, as Plaintiff regularly received inside sales calls from customers located outside the state of Georgia, and regularly used the U.S. Mail, interstate telephone, and

4

interstate electronic communications to confer with prospective customers.

16.

Plaintiff and the other inside sales employees were FLSA-covered employees through enterprise coverage.

17.

Plaintiff and the other inside sales employees were also FLSA-covered employees through individual coverage.

18.

Plaintiff's employment with Defendant Employer began around early January, 2011.

19.

Plaintiff was hired by Defendant Employer as a marketing employee, and was soon moved to an inside sales position.  Plaintiff's job responsibilities as an inside sales employee included talking to business owners, qualifying potential customers, and then asking her supervisor if a member of the sales staff should be sent out to meet with the potential customer.  If Plaintiff's supervisor decided a sales staff person should be sent to meet with the potential client, Plaintiff was directed to schedule a meeting between the sales employee and the potential customer.

20.

Plaintiff was told that she would be paid $12.00 per hour as an inside sales employee; approximately one year later, Plaintiff received a raise of one dollar per hour.  Plaintiff also received commissions based on sales by the sales employee.

21.

Plaintiff was not subject to any exemption from the overtime pay requirements of the FLSA during her employment with Defendant Employer.

22.

During Plaintiff's employment with Defendant Employer, Plaintiff did not regularly supervise two or more employees.

23.

During Plaintiff's employment with Defendant Employer, Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

24.

Subsequent to Plaintiff being hired and moving to an inside sales position, she was required to work through lunch breaks, was restricted to remaining in the office for any meal breaks, and was told that overtime did not apply to any work performed before 8:00 a.m., to any work performed between the hours of 8:00 a.m. and 5:30 p.m. daily, or to any work performed on Saturdays.

25.

Plaintiff was also instructed that employees were not paid for attending mandatory employee meetings.

26.

Plaintiff was also required to work all day on Saturdays, approximately twice per year, without compensation.

27.

Between 2011 and 2016, Defendant Employer failed to keep an accurate record of the number of hours worked by Plaintiff or the other inside sales employees during each workweek, and required Plaintiff and the other inside sales employees to work "off the clock" by instructing Plaintiff and the other inside sales employees not to record additional time worked before 8:00 a.m., during meal breaks, before 5:30 p.m., on Saturdays, or for mandatory employee meetings.

28.

Defendant Employer also automatically deducted meal breaks from the number of hours that Plaintiff and the other inside sales employees were paid for each day, despite Plaintiff and the other inside sales employees not receiving a lunch hour. Plaintiff and the other inside sales staff were often not fully relieved of their responsibilities during the few meal breaks they were permitted by Defendant Employer.

29.

Plaintiff worked, on average, between 45 and 55 hours per week during her employment with Defendant Employer.

30.

During the three years prior to the filing of this complaint, Defendant Employer failed to pay Plaintiff and the other inside sales employees for all hours worked in excess of 40 hours per week, at a rate of one and one-half times the employees' regular hourly rates.

31.

Plaintiff and the other inside sales employees also received commissions as a component of their pay.

32.

On the occasions where Plaintiff and the other inside sales employees were paid overtime for working in excess of 40 hours per week, Defendant Employer failed to include the commissions earned when calculating the employees' overtime rates.

33.

As a result of not including commission when calculating the employees' regular hourly rates, Defendant Employer failed to pay Plaintiff and the other inside sales employees one and one-half times their regular hourly rates for hours worked

in excess of 40 hours per week.

34.

Defendant Employer, pursuant to the FLSA, had a duty to pay Plaintiff and all other similarly situated persons one and one-half times their regular hourly rate for time worked in excess of forty (40) hours per week.

35.

Defendant Employer knew or should have known that the FLSA applied to Plaintiff and the other inside sales employees and that Plaintiff and other similarly situated employees were entitled to overtime pay for all hours worked in excess of 40 hours per week.

36.

In failing or refusing to pay Plaintiff and the other inside sales employees overtime wages, as required by the FLSA, Defendant Employer has not relied on any letter ruling from the Department of Labor, indicating that Plaintiff or the other inside sales employees were not entitled to overtime.

37.

Defendant Employer's conduct in failing to pay Plaintiff and the other inside sales employees overtime for all hours worked in excess of 40 hours per week constitutes a willful violation of the FLSA, entitling Plaintiff and the other inside sales employees to all relief afforded under the FLSA, including the award of

liquidated damages and reasonable costs of litigation and attorneys' fees.

**COUNT ONE: VIOLATION OF 29 U.S.C. § 207**
**(Overtime Violations)**

38.

Paragraphs 1 through 37 are incorporated herein by this reference.

39.

Defendant Employer's failure to compensate Plaintiff and the other inside sales employees for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.

40.

Such violation is intentional and willful.

41.

Said violation gives rise to a claim for relief under the FLSA for Plaintiff and each member of the class she represents for unpaid overtime compensation from three years preceding the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, the Plaintiff requests this Court:

(a)     take jurisdiction of this matter;

(b)     issue an Order holding Defendant Employer to be an "employer" as that

term is defined under the FLSA;

(c)     grant a trial by jury as to all matters properly triable to a jury;

(d)     issue a judgment declaring that Plaintiff and all other inside sales employees were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e)     award Plaintiff equitable relief and a permanent injunction against Defendant Employer engaging in any further violations of the FLSA;

(f)     award Plaintiff and the other inside sales employees payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, plus liquidated damages equaling 100% of overtime due to Plaintiff and the other inside sales employees, as required by the FLSA;

(g)     award prejudgment interest on all amounts owed;

(h)     award reasonable attorney's fees and costs;

(i)     appoint a permanent monitor to review Defendant Employer's compliance with the requirements of the FLSA each pay period,

(j)     enter a permanent injunction prohibiting Defendant Employer from automatically deducting meal breaks and prohibiting Defendant Employer from engaging in any retaliatory acts for activities protected under the FLSA; and

11

(k)     award any and such other further relief this Court deems just, equitable

and proper.

Respectfully submitted, this 26th day of May, 2016.

/s/ J. Stephen Mixon, Esq.
J. Stephen Mixon, Esq.
Georgia Bar No. 514050
Counsel for Plaintiff

/s/ Alex R. Roberson, Esq.
Alex R. Roberson, Esq.
Georgia Bar No. 558117
Counsel for Plaintiff

MILLAR & MIXON, LLC
1691 Phoenix Boulevard, Suite 150
Atlanta, GA 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ELIZABETH CHEMALY, individually, and on behalf of all others similarly situated | ) ) ) | CIVIL ACTION NO. |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SENTRY SURVEILLANCE, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

## CONSENT TO SERVE AS PARTY PLAINTIFF

COMES NOW Elizabeth Chemaly, who states that she consents to serve as a party plaintiff for all other similarly situated persons who may have an overtime or retaliation claim against Sentry Surveillance, Inc.

_____
Elizabeth Chemaly

_____
Date

13