# Exhibit A

Exhibit A

SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** (also referred to herein as "Agreement") is made and entered into by and among Elizabeth Chemaly ("Employee") for herself, her dependents, heirs, executors, administrators, successors and assigns, and Sentry Surveillance, Inc. ("Employer"), their subsidiaries, affiliates, related entities, agents, attorneys, employees, partners, shareholders, officers, directors, insurers, predecessors and successors in interest.

WITNESSETH

On or about May 26, 2016, Employee filed a Complaint against Employer in the United States District Court Northern District of Georgia entitled Elizabeth Chemaly, individually, and on behalf of all others similarly situated v. Sentry Surveillance, Inc., Civil Action No. 1:16-cv-01723-WSD which she alleged claims for violations of the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.*, attorney's fees and expenses of litigation, and other claims. (All claims are referred to as "Federal Litigation").

Employee and Employer now desire to settle fully and finally all differences between them related to the Federal Litigation or which arise out of or relate to Employee's employment with Employer and all other claims she has through the date of this Agreement without further expenditure of time or expense of litigation and, for that reason, have entered into this Agreement.

NOW THEREFORE, in consideration of the promises and releases herein contained, it is agreed as follows:

1. **Approval by Court.**

Before this Agreement becomes effective, the Parties shall submit it to the Court and take such other actions as the Court may require to have the Court approve the Agreement and dismiss the Federal Litigation with prejudice. If the Court does not approve this Agreement, it shall be void *ab initio*, in which case, the Parties agree to continue to make a good faith effort to achieve settlement consistent with the underlying terms included in this Agreement, to the extent possible.

2. **Non-Admission of Liability.**

This Agreement is a full mutual release and settlement of all claims of whatever nature which have been asserted or which could have been asserted by Employee or Employer, including, but not limited to, those relating to Employee's hiring, events occurring during her employment, and termination of employment. While this Agreement resolves all issues between Employee and Employer, it does not constitute an admission by Employer of any violation of federal, state, or local law, ordinance or regulation or of any violation of Employer's policies or procedures or of any liability or wrongdoing whatsoever, such being expressly denied. Employee agrees not to assert that this Agreement is an admission of guilt or wrongdoing and acknowledges that Employer does not believe or admit that it has done anything wrong. Thus, neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by Employer. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

3. **Dismissal With Prejudice.**

Together with this Agreement, Employee, through his counsel, agrees to execute and deliver for filing to counsel of record for Employer, a stipulation for dismissal with prejudice of the Federal Litigation, in the form attached as Exhibit "A", with each party to bear its own costs. Plaintiff further agrees to not re-initiate the claims set forth in the Litigation or assert any of the other claims released under this Agreement following court approval of this Agreement.

4. **No Pending Charges.**

Employee represents that, to the best of his knowledge, information, and belief, no charges, claims or lawsuits have been filed with any Federal, State, or local administrative agency or court by him or on his behalf against Employer other than this lawsuit. In the event any charge or lawsuit is filed on his behalf, Employee agrees to request dismissal.

5. **Consideration and Benefits.**

In consideration of the covenants undertaken and releases given herein by Employee, Employer agrees that upon execution of this Agreement, and approval by the Court, Employer will pay (1) to Employee the sum of $8,299.91 for wages, back wages, front wages, overtime compensation, compensatory, (2) another $8,299.91 for liquidated damages, and all other types of compensation that Employee may claim from Employer, and (3) to Employee's attorney, J. Stephen Mixon, P.C., 1691 Phoenix Boulevard, Suite 150, Atlanta, Georgia 30349, attorney's fees and expenses in the amount of $14,000. Employee shall provide an executed IRS Form W-9 to Employer, through Employer's counsel, as a condition precedent to any payment to Employee under this Agreement.

A. **Schedule**

Payment of the Settlement amount outlined herein will be made payable to Millar & Mixon, LLC and Employee pursuant to the following schedule:

- Employer shall pay Employee an initial payment of $4,599.82 after the Agreement is approved by the Court, but no sooner than December 20, 2016, with the remaining balance of $12,000.00 payable to Employee in twelve (12) consecutive payments beginning on January 31, 2017 and continuing each month until full payment of the Settlement amount is reached. Said payments can be prepaid at any time without penalty.
- Employer shall pay attorneys fees to Attorney J. Stephen Mixon in an initial payment of $2,000.00 due before December 31, 2016, with the remaining balance of $12,000.00 payable to Attorney Mixon in twelve (12) consecutive payments beginning on or before January 31, 2017 and continuing each month until full payment of the Settlement amount is reached. Said payments can be prepaid at any time without penalty.

Joe Lowe and Steve Dimitrious, owners of Employer Sentry Surveillance, Inc., shall personally guarantee the payment obligations of Employer as set forth in the preceding section. Further, Employee represents and warrants that, to the best of her knowledge, attorneys at the law

2

firm of Millar & Mixon, LLC are, and have been, the sole attorneys for him with respect to the Litigation, and all claims set forth therein, and no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Federal Litigation.

6. **Confidentiality.**

The Parties agree to keep the Settlement Payment and all other terms and conditions of this Agreement confidential, except under the following circumstances: (1) the Parties may disclose the terms and conditions of this Agreement to the Court to the extent required for Court approval; (2) Plaintiffs may inform their immediate family members, tax advisors and attorneys of the existence and terms of this Agreement, provided that all such persons are informed of the provisions of this Paragraph and agree to be bound by them; and (3) the Company may disclose the existence and terms of this Agreement to its agents, employees, officers, directors, attorneys, professional employer organizations, insurers, representatives, beneficiaries, heirs, executors, administrators, predecessors, successors and assigns whom the Company, in its sole discretion, believes have a need to know the specific terms of the Agreement, provided that all such persons are informed of the provisions of this Paragraph and agree to be bound by them.

To further the purposes of this Paragraph, the Parties agree to redact the amount of the Settlement Payment and any other monies paid pursuant to this Agreement if required to file this Agreement with the Court for approval. If the Court requires that the Parties file an unredacted copy of the Agreement for approval, the Parties shall do so; however, the Parties shall otherwise remain bound by the terms of this Paragraph and shall be prohibited from otherwise disclosing the Settlement Payment or other terms of this Agreement, except as provided in this Paragraph, or by subsequent court order. The Parties and their counsel shall not make any public comment, make or have any communications to or with the press or media, or make any form of advertising or public announcement, utilize any form of social media, or issue any press release or media release, regarding the Lawsuit, the Settlement Payment or the terms of this Agreement absent authorization to do so under a court order. If the Parties are asked about this Lawsuit, the Settlement Payment or the terms of this Agreement, they shall say only that the matter has been resolved "to the satisfaction of all involved Parties" unless otherwise instructed by court order.

7. **No Employment or Reinstatement.**

Employee agrees that he will not reapply for employment with Employer and he releases Employer from any obligation to consider him for any position in the event he makes application for re-employment.

8. **Responding to Inquiries.**

In response to employment inquiries, Employer will provide only the dates of Employee's employment, his positions held, and her final salary. To the extent that Employee and Employer receive inquiries regarding the resolution of the aforementioned Federal Litigation, the Parties will state that the matter has been resolved "to the satisfaction of all involved Parties."

9. **Complete Release By Employee.**

Upon court approval of this Agreement, Employee, on his own behalf and on behalf of his descendants, dependents, heirs, executors, administrators, assigns, and successors, hereby covenants

3

not to sue and irrevocably and unconditionally releases, acquits, and forever discharges Employer from any and all charges, complaints, claims, liens, contracts, covenants, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, wages, back wages, front wages, any other form of compensation and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, in law, equity, or otherwise, including, but not limited to, rights arising out of alleged violations of any contracts, express or implied, any covenant of good faith and fair dealing, express or implied, or any tort, or any legal restrictions on Employer's right to terminate employees, or any claims set forth in the Federal Litigation, or any other claims for severance pay, bonus, sick leave, holiday pay, vacation pay, life insurance, health and medical insurance or any other fringe benefit, disability claims; or any claim based upon a federal, state, or other governmental statute, regulation, or ordinance, including, without limitation:

A. **Claims Released**.

(1) Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e to 2000e-17 (1988) (including any amendments made by the Civil Rights Act of 1991 or successor legislation);

(2) 42 U.S.C. § §1981 and 1983;

(3) Family and Medical Leave Act, 29 U.S.C. § 2601 et. seq.;

(4) Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (employee benefits);

(5) Age Discrimination in Employment Act, 29 U.S.C. § 621, et. seq.;

(6) Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq.;

(7) Fair Labor Standards Act, 29 U.S.C. § 201 et. seq;.

(8) Equal Pay Act, 29 U.S.C. § 206 et. seq.;

(9) Georgia Equal Pay Act, O.C.G.A. § 34-5-1;

(10) Any cause of action for discrimination under Georgia law; and

(11) Any cause of action for wages, intentional or negligent infliction of emotional distress, assault and battery, harassment, discrimination, negligent retention, supervision or hiring of employees or supervisors, breach of contract, negligence, negligence per se, invasion of privacy, workers compensation or any other state law claim which Employee now has, owns or holds, or claims to have, own or hold, or which Employee at any time heretofore had, owned or held, or claimed to have, own or hold.

Although Employee will dismiss with prejudice any and all actions that are currently pending between the parties, including, but not limited to, the Federal Litigation, this Agreement does not require Plaintiff to withdraw, or prohibit Plaintiff from filing, a charge with any

4

government administrative agency (such as the EEOC) as long as Plaintiff does not personally seek any reinstatement, damages, remedies, or other relief governed by any claim that Plaintiff has released, to which Plaintiff hereby waives.

### B. Unknown Claims.

Employee and Employer understand that Employee and Employer are releasing Claims through the date of this Agreement that Employee or Employer may not know about. Releasing claims Employee or Employer may not know about is Employee and Employer's knowing and voluntary intent, even though Employee and Employer recognizes that someday Employee or Employer might learn that some or all of the facts Employee or Employer currently believes to be true are untrue and even though Employee or Employer might then regret having signed this Release. Nevertheless, Employee and Employer are assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Employee and Employer expressly waive all rights he might have under any law that is intended to protect Employee and Employer from waiving unknown claims.

### 10. Severability.

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable. This Agreement shall survive the termination of any arrangements contained herein.

### 11. No False Statements or Assignments.

The Parties hereby warrant that they have not made any false statements or misrepresentations in connection with this Agreement. They further warrant and represent that they have not assigned or transferred to any person not a party to this Agreement any released matter or any part or portion thereof, and each shall defend, indemnify, and hold harmless the other from and against any claim (including the payment of attorneys' fees and costs) based on or in connection with or arising out of any such assignment or transfer made.

### 12. No Representations.

The Parties represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement not set forth herein with regard to the subject matter, basis, or effect of this Settlement Agreement and General Release or otherwise.

### 13. Governing Law.

This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

### 14. Attorney Review.

The Parties represent and agree that they fully understand their rights to discuss all aspects of this Agreement with their private attorneys, that to the extent, if any, that they desired, they have

availed themselves of this right, that they have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

15. **No Knowledge of any Injury or Illness.**

Employee is unaware of any injury or illness he may have arising out of his employment with Employer.

16. **Consequences of Violating Agreement.**

The Parties agree to pay the reasonable attorneys' fees, costs and damages that either may incur as a result of either party's breach of a promise that has been made in this Agreement, or if any material representation made in this Agreement was false when made. Employer and Employee agree that the payment provisions in this Agreement are a material term of the Agreement.

17. **Older Worker Benefit Protection Act.**

This Agreement is intended to release and discharge any claims of Employee under the Age Discrimination and Employment Act. To satisfy the requirements of the Older Workers' Benefit Protection Act, 29 U.S.C. Section 626(f), the Employee agrees as follows:

A. Employee acknowledges that she has read and understands the terms of this Agreement.

B. Employee acknowledges that she has been advised in writing to consult with an attorney, if desired, concerning this Agreement and has received all advice she deems necessary concerning this Agreement.

C. Employee acknowledges that she has been given twenty-one (21) days to consider whether or not to enter into this Agreement, has taken as much of this time as necessary to consider whether to enter into this Agreement, and has chosen to enter into this Agreement freely, knowingly and voluntarily.

D. For a seven-day (7) period following the execution of this Agreement, Employee may revoke this Agreement by delivering a written revocation to David E. Ghattas at 1265 Seven Springs Circle, Marietta, GA 30068, Email: Dghattas1@aol.com. This Agreement shall not become effective and enforceable until the revocation period has expired (the "Effective Date").

18. **Entire Agreement/Modifications to Agreement.**

This Agreement constitutes the entire agreement between Employee and Employer, and supersedes any and all other agreements and understandings, either oral or in writing, between Employee and Employer. All such other agreements, understandings, policies, practices, procedures, if any, shall be of no further force and effect. Any change, modification or waiver of any provision of this Agreement must be in writing and signed by Employee and Employer.

19. **Binding Nature of Agreement.**

The Parties have the current intent that all of the terms, covenants, conditions and provisions of this Agreement will be valid and enforceable to the fullest extent permitted by law. It is the further intent of the Parties that the rule of construction which provides that the document is construed against the maker thereof be inapplicable in the construction of any of the terms of this Agreement.

20. **Voluntary Nature of Agreement.**

Employee warrants, represents and acknowledges that this Agreement is entered into knowingly and voluntarily as an act of free will; that he is of sound mind; and that he is laboring under no physical, psychological or mental infirmity which would affect either the capacity to understand the terms of this Agreement or to freely enter into and be bound by the provisions of this Agreement. Employee has been advised that he may have this Agreement reviewed by a legal representative of his choice.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS, EXCEPT AS OTHERWISE STATED IN THE AGREEMENT.

I have read the foregoing Agreement and I accept and agree to the provisions it contains and hereby execute it voluntarily with full understanding of its consequences.

Executed this 27 day of Feb., 2016.

_____
Elizabeth Chemaly

Agreed and Approved by:

_____
Sentry Surveillance, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ELIZABETH CHEMALY | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | 1:16-cv-01723-WSB |
| | ) | |
| v. | ) | |
| | ) | |
| SENTRY SURVEILLANCE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DISMISSAL WITH PREJUDICE OF ALL CLAIMS

Having amicably resolved the underlying dispute between each other, Plaintiff Elizabeth Chemaly and Defendant Sentry Surveillance, Inc., have hereby consented to file this Dismissal with Prejudice of all Claims in the above-styled civil action, with each party to bear its own costs. The Parties request that the Court approve the Settlement Agreement, including the claims pursuant to the Fair Labor Standards Act, and order the clerk to mark the above-styled lawsuit "Dismissed with Prejudice" upon the docket records.

This ___ day of _____, 20___.